O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BARBARA A. COLLIER          )          CASE NO. CV 06-04062 RZ
(AKA BOLTON),               )
                            )
            Plaintiff,      )          MEMORANDUM OPINION
                            )          AND ORDER
     vs.                    )
                            )
MICHAEL J. ASTRUE, Commissioner )
of  Social Security Administration, )
                            )
            Defendant.      )
_____ )

        Plaintiff appeals from a partial denial of her claim for disability benefits.  The Administrative Law Judge did find that Plaintiff was disabled, but not until her 50th birthday on April 26, 1997, when "the Grids" dictated such a decision based on her age, education level, skill set and sedentary work restriction.  *See* Administrative Record ("AR") 381; 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.09 (2006).  Plaintiff's appeal is limited in scope to the time frame between March 21, 1996 (the date of her application) and her 50th birthday.  She contends that she was unable to perform even sedentary work – that she was instead entirely disabled by physical and mental impairments – during that period.  Because the Court agrees in part with Plaintiff's challenge, it will remand.

The underlying opinion, at AR 379-83, mentions only two physicians of the many whose examination records appear in the record. (Nor does a summary of the unnamed sources' observations appear in the opinion.) One of these doctors is consultative examiner Kalpana Ravikumar, M.D., who diagnosed various ailments, including hypertension, obesity, tendinitis in both shoulders and costochondrodritis. Despite Plaintiff's complaints of "bone pain all over" and disabling, "generalized chronic pain," Dr. Ravikumar opined that Plaintiff could sit, stand, walk and otherwise perform tasks consistent with sedentary work. *See* AR 380, 382, 255-60. The second physician mentioned in the opinion is the medical expert who testified at the administrative hearing, William Cable, M.D., although his views were cited only to discount Plaintiff's assertions of mental impairments, including "chronic pain syndrome." *See* AR 381. Thus, the only medical source whose evidence was expressly discussed in the underlying opinion as to *physical* impairments was Dr. Ravikumar; and the only source discussed as to *mental* impairments was Dr. Cable.

Plaintiff faults the opinion for failing to discuss numerous other sources' observations, which she asserts tend to show that she was disabled on her application date by arthritis and other chronic pain, complicated by obesity, and by depression. The Court partially agrees, as discussed below.

As to physical ailments, the Commissioner responds to Plaintiff's failure-to-discuss argument in three ways. The first is that Plaintiff has not established functional limitations resulting from the physical maladies noted in the undiscussed reports, citing to *Mathews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993), for the proposition that the existence of a diagnosed impairment does not mean that a person is disabled. But that misses the issue. The issue instead is whether the Administrative Law Judge considered the medical evidence. "[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), *citing Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998), and *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). But if he is not to consider significant

evidence, he needs to say why. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), *citing Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). The Administrative Law Judge did not do so here (and the Court believes that at least some of the undiscussed sources' observations constitutes significant evidence, contrary somewhat to Defendant's second and third arguments below).

Second, Defendant asserts that any error in not mentioning numerous sources' examinations pertaining to *physical* ailments was harmless because, even if credited, those reports "certainly do not describe any limitations beyond sedentary work." Def.'s Br. at 4. The Court is not as certain as Defendant. Perhaps the undiscussed reports help Plaintiff's case sufficiently that she should succeed on her claim, and perhaps they do not. The difficulty, again, is that it is unclear from the opinion whether the Administrative Law Judge took those reports into account at all.

Third, as to mental impairments, Defendant asserts that any error in not discussing reports from numerous sources – including notes about Plaintiff's hospitalization and counseling sessions – is harmless because none of those reports, even if credited, shows anything more than a *temporarily* disabling condition, *i.e.*, one lasting less than 12 months. *See id*. at 5-6. Although it appears true that mental-health source records submitted by Plaintiff shows no *single* episode during which Plaintiff was clearly disabled for a year or more, the Court remains troubled that the underlying opinion did not mention those records. It is possible that express consideration of those records, weighed against the non-disability opinion of Dr. Cable, properly will result in another non-disability finding. But it is also possible that such consideration will yield a finding that Plaintiff's numerous episodes of mental-health treatment in the mid-1990s, considered collectively, rendered her unable to work prior to her 50th birthday.

The Administrative Law Judge must consider the combined effects of impairments, *Howard v. Wolff, supra*, and it is reasonable to assume that some of the impairments here may be related, including hypertension, obesity and possibly Plaintiff's complaints of persistent join pain. *See, e.g. Celaya v. Halter*, 332 F.3d 1177 1182 (9th Cir.

- 3 -

2003) (Administrative Law Judge must consider interactive effect of obesity with hypertension and diabetes); *but see Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005) (appearing to limit *Celaya*'s scope). Although it is possible that the Administrative Law Judge did *consider* the numerous items of evidence to which Plaintiff now points, the Court cannot so conclude, for none of them was *addressed* in the Administrative Law Judge's decision (except obesity, of which Dr. Ravikumar and the underlying opinion did take note, *see* AR 256 (beginning a description of Plaintiff as "Obese female"), 257 (including "obesity" as second of seven "Impressions"), 380), and the Administrative Law Judge did not state why he was *not* addressing these matters.

The Administrative Law Judge is not a doctor, *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), and it appears to this Court that a medical expert once again will prove necessary to evaluate the medical evidence in the record. *See, e.g., Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996). On remand, the Court recommends that the Administrative Law Judge again employ such an expert.

Plaintiff also challenges the Administrative Law Judge's determinations as to her credibility. The Court cannot tell whether those findings would be sustainable, because the further consideration of the combined effect of impairments, and the possibly different testimony of the medical expert on remand, may place the Plaintiff's statements as to her ability and subjective symptoms in a different light. Similarly, given the Court's foregoing determination to remand, Plaintiff's remaining arguments – such as her assertion that the Administrative Law Judge accorded too little weight to the opinions of various treating sources, and too much to consultative examiner Dr. Ravikumar and medical expert Dr. Cable – are moot. Accordingly, the Court makes no ruling on these issues at this time. On remand, the Administrative Law Judge should revisit these matters if appropriate to do so on the basis of further evidence.

///

///

1    In accordance with the foregoing, the decision of the Commissioner is

2  reversed, and the matter is remanded for further proceedings consistent with this

3  Memorandum Opinion.

4

5    DATED:  September 10, 2007

6

7

8    _____
     RALPH ZAREFSKY
     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28